

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X
                                    :    SEALED
UNITED STATES OF AMERICA            :    INDICTMENT
                                    :
        - v. -                      :
                                    :    S3 08 Cr. 1213
JAMAL YOUSEF,                       :
    a/k/a "Talal Hassan Ghantou,"   :
        Defendant.                  :
                                    :
- - - - - - - - - - - - - - - - - -X

### COUNT ONE

(Narco-Terrorism Conspiracy)

The Grand Jury charges:

#### Background To The Conspiracy

#### The FARC

1.  From in or about 1964 through the date of the filing of this Indictment, the Fuerzas Armadas Revolucionarias de Colombia (hereinafter, the "FARC") has been and is an international terrorist group dedicated to the violent overthrow of the democratically elected Government of Colombia.  Since its inception, while continuing to engage in bombings, massacres, kidnappings, and other acts of violence within Colombia, the FARC also evolved into the world's largest supplier of cocaine.  In October 1997, the United States Secretary of State designated the FARC as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act.  The Secretary of State redesignated the FARC as a foreign terrorist organization on October 2, 2003, and October 11, 2005.  As of the date of the

filing of this Indictment, the FARC is designated as a foreign terrorist organization.  The European Union also has designated the FARC as a terrorist organization.

2.  During at least the five years prior to the date of the filing of this Indictment, the FARC has directed violent acts against United States persons and property interests in foreign jurisdictions, including, but not limited to, Colombia. In order to protect its financial interests in the cocaine trade, the FARC leadership has ordered its members to take counter-measures against the Government of Colombia's cocaine fumigation campaign, including, among other actions:  attempting to shoot down fumigation aircraft; forcing members and supporters to publicly rally against fumigation; and attacking the Colombian infrastructure.  Having recognized that the United States contributed significantly to Colombian fumigation efforts, the FARC leadership has ordered FARC members to kidnap and murder United States citizens and to attack United States interests in order to dissuade the United States from continuing its efforts to fumigate and disrupt the FARC's cocaine and cocaine paste manufacturing and distribution activities.

3.  The FARC's violent acts directed against the United States and United States interests have included: (1) the murder of United States nationals; (2) the kidnapping of United States nationals; and (3) the bombing of a restaurant in Bogota, Colombia, frequented by United States nationals.

4. The FARC is a highly structured terrorist organization, styled as a military group and comprised of approximately 12,000 to 18,000 armed guerillas organized into seven "blocs," 68 numbered "fronts," nine named fronts, and four urban "militias."

5. To further its terrorist activities and its goals to overthrow the democratically elected Government of Colombia, the FARC actively attempts to obtain automatic rifles, ammunition, machine guns, explosives and other types of weapons from other organizations.

### The Scheme To Provide Weapons To The FARC In Exchange For Cocaine

6. From July 2008 to the present, JAMAL YOUSEF, a/k/a "Talal Hassan Ghantou," the defendant, along with co-conspirators not named herein, have been engaged in negotiations with confidential sources working with the United States Drug Enforcement Administration ("DEA") in Central America, and have agreed to exchange military-grade weapons, including automatic rifles, rocket propelled grenades, hand grenades, M-60 machine belt-fed guns, anti-tank munitions, and C-4 explosives, for hundreds of kilograms of cocaine. The confidential sources represented, and YOUSEF and his co-conspirators believed, that the weapons were for use by the FARC, and that the FARC would be supplying them with the cocaine. The conspirators claimed that the weapons had been stolen from Iraq, and were stored in Mexico at the home of a relative of YOUSEF in Mexico, and claimed that

said relative was a member of Hezbollah, another terrorist group designated by the Department of State as a foreign terrorist organization.

7. JAMAL YOUSEF, a/k/a "Talal Hassan Ghantou," the defendant, is a former member of the Syrian military, who is currently imprisoned in Honduras on local charges. YOUSEF is an international arms trafficker, who, in connection with the arms-for-cocaine transaction, claimed that he was supplied with arms by a relative who is a member of Hezbollah. YOUSEF was the owner of the weapons involved in the arm-for-cocaine transaction.

### Statutory Allegation

8. From at least in or about July 2008, up to and including the time of the filing of this Indictment, in an offense occurring in and affecting interstate and foreign commerce, begun and committed outside of the jurisdiction of any particular State or district of the United States, JAMAL YOUSEF, the defendant, who will be first brought to and arrested in the Southern District of New York, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Section 960a of Title 21, United States Code.

9. It was a part and an object of said conspiracy that JAMAL YOUSEF, a/k/a "Talal Hassan Ghantou," the defendant, and others known and unknown, would and did engage in conduct that would be punishable under Title 21, United States Code, Section

841(a) if committed within the jurisdiction of the United States, to wit, the distribution, and possession with the intent to distribute, of five kilograms and more of mixtures and substances containing a detectable amount of cocaine, knowing and intending to provide, directly and indirectly, something of pecuniary value to a person and organization that has engaged and engages in terrorist activity and terrorism, to wit, the FARC, which was designated by the United States Secretary of State as a foreign terrorist organization in October 1997, pursuant to Section 219 of the Immigration and Nationality Act, was redesignated as such on October 2, 2003, and October 11, 2005, and is currently designated as such, as of the date of the filing of this Indictment, and its members, operatives and associates, in violation of Section 960a of Title 21, United States Code.

### OVERT ACTS

10. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed:

   a. On or about September 25, 2008, a DEA confidential source ("CS-1") purporting to represent the FARC, met with a co-conspirator not named herein ("CC-1") who is an associate of JAMAL YOUSEF a/k/a "Talal Hassan Ghantou," the defendant, at CC-1's home in Honduras. During the meeting CC-1, who indicated that he was acting at the direction of YOUSEF, agreed in principle to sell, and CS-1 agreed to buy, a cache of

weapons controlled by YOUSEF in exchange for 938 kilograms of cocaine. According to CC-1, the weapons, which included over 100 AR-15 and 100 M-16 assault rifles, 10 M-60 machine guns, C-4 explosives, 2,500 hand grenades, and rocket-propelled grenades, were military weapons stolen from Iraq, supplied by a cousin of YOUSEF, and stored in Mexico.

    b.  On or about September 26, 2008, CS-1 met with CC-1 at a restaurant in Honduras. During the meeting, CC-1 called YOUSEF, who explained to CS-1 that YOUSEF's relative, who YOUSEF claimed is an active member of Hezbollah, was videotaping the weapons cache in Mexico, and that YOUSEF was prepared to move forward with the sale of the weapons provided that CS-1 paid a down payment to cover the fees for storing the weapons in Mexico.

    c.  On or about October 12, 2008, CC-1 informed CS-1 by telephone that he had photographs of the weapons to show to CS-1, and that he also had 17 or 18 surface-to-air missiles available for purchase.

    d.  On or about October 15, 2008, CC-1 telephoned CS-1 and asked CS-1 to provide him with an electronic mail address to which CC-1 could send CS-1 photographic proof of the weapons and explosives cache. CS-1 subsequently received an e-mail to the account address he had provided containing photographs of a weapons cache, including one photo in which a male poses in front of the cache holding a Belize newspaper dated September 21, 2008.

    e. On October 21, 2008, CC-1 informed CS-1 by telephone that additional customers were bidding on the weapons cache. Later that day, an additional confidential source working with the DEA ("CS-2") contacted CC-1 representing himself to be a FARC member who was CS-1's boss, and asked CC-1 to be patient.

    f. On or about October 23, 2008, CS-1 and CC-1 made arrangements by telephone to meet in Honduras during the week of October 27, 2008 to discuss the photos CS-1 had received.

    g. On or about October 28, 2008, CS-1 met in Honduras with a co-conspirator not named herein ("CC-2"), who identified himself as an associate of YOUSEF and of CC-1. During the meeting, CC-2 called YOUSEF on the telephone so that YOUSEF could participate in the meeting and speak with CS-1 by speakerphone. YOUSEF and CS-1 then discussed the logistics of exchanging the weapons for cocaine.

    h. On or about October 29, 2008, CS-1 met in Honduras with CC-1. During the meeting, CC-1 informed CS-1 that YOUSEF had approved the transaction, and that the weapons cache included a greater number of weapons than had previously been indicated. CS-1 agreed to also purchase the additional weapons assuming they were functional and agreed to move between 7,000 and 8,000 kilograms of cocaine to the coast of Honduras to pay for the weapons.

( Title 21, United States Code, Section 960a and Title 18, United States Code, Section 3238.).

## FORFEITURE ALLEGATION

13.  As a result of committing the controlled substance offense alleged in Count One of this Indictment, JAMAL YOUSEF, a/k/a "Talal Hassan Ghantou," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 970, any and all property constituting and derived from any proceeds that YOUSEF obtained directly and indirectly as a result of the said violation and any and all property used and intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense described in Count One of this Indictment.

### Substitute Assets Provision

14.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the court;
>
> d.  has been substantially diminished

      in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 970, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

  (Title 21, United States Code, Sections 960a and 970.)

_____  
FOREPERSON

_____  
LEV L. DASSIN  
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMAL YOUSEF,
a/k/a "Talal Hassan Ghantou"

Defendant.

**INDICTMENT**

S3 08 Cr. 1213

(21 U.S.C. §960a.)

*Lev L. Dassin*
Acting United States Attorney.

A TRUE BILL

Foreperson.