**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                  :
**UNITED STATES OF AMERICA**                      :
                                                  :
              v.                                  :      **08-CR-1213 (JFK)**
                                                  :
**JAMAL YOUSEF,**                                 :      <u>**SUPPLEMENTAL**</u>
                                                  :      <u>**DECLARATION IN**</u>
                        **Defendant.**            :      <u>**SUPPORT OF MOTION**</u>
-----------------------------------------------------------------------x

      MELINDA SARAFA, pursuant to Title 18, United States Code, Section 1746, hereby

declares the following under penalty of perjury:

      1.     I am an attorney duly admitted to practice in the Southern District of New York,

and represent defendant JAMAL YOUSEF ("Yousef") in the above-captioned case.

      2.     I make this Supplemental Declaration in support of the pretrial motion of Mr.

Yousef seeking an order compelling the government to produce additional discovery and

exculpatory material – specifically, any and all information leading to the July 14, 2006

interview of Mr. Yousef in Honduras by U.S. agents seeking information about a supposed

transnational shipment of weapons between Lebanon and Mexico, including any and all

information about a prior scam weapons transaction involving Mr. Yousef.

      3.     I have reviewed all available transcripts of proceedings in this case, as well as my

notes of conversations with the government, and write to supplement the record with relevant

representations made by the government concerning the classified materials in this case.

      4.     As the Court is aware, I stated in my initial Declaration in support of Mr.

Yousef's pretrial motions that on April 9, 2010, Assistant United States Attorney Jeffrey Brown

informed me by telephone that he had identified potential *Brady* material while reviewing

classified materials in this case. As I recalled, according to AUSA Brown, the potential *Brady*

material concerned a scam weapons transaction not related to the transaction in this case. Mr.

Yousef has moved for an order compelling the government to produce this material pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady*. The government opposes the motion.

5.      During the June 13, 2011 oral argument on the pretrial motions, when asked by the Court about my representation concerning the April 9, 2010 telephone conversation, AUSA Brown stated that he merely indicated that he was in the process of reviewing classified documents for potential *Brady* material. He affirmatively stated that he had not found any *Brady* material in the classified documents.[1]  In rebuttal, I read from my contemporaneous notes of the telephone conversation. A copy of those notes is attached hereto as Exhibit A.

6.      The government has made a number of representations to the Court during the past 14 months which are relevant to this issue. During a status conference well over one year ago, on April 13, 2010, AUSA Brown informed the Court that there was outstanding discovery, and that "the discovery that's still outstanding is classified, that's the problem." *See* Ex. B, at 2. When confronted by the Court about the delay in producing discovery, AUSA Brown stated:

> Judge, I promise you that I'm working on it. I understand your frustration. It's frustrating to me, too. I know that you're familiar with the process. Sometimes there's an argument between us and the various agencies who collect these materials about what can and can't be disclosed. And I'm working diligently to make whatever discoverable matters exist –

*Id.* at 3. When asked when he would be able to get the matter resolved, AUSA Brown stated:

> Judge, I'm traveling down to Washington next week, so I should have a better answer for you. I may, after that, write you a letter under seal *ex parte* explaining a little bit more the circumstances, and maybe that will, you know, help you understand sort of the complications I'm in. It's not as much a decision about whether something is discoverable; we've made our determination about that.

*Id.* at 6.

---

[1]  I have requested, but not yet received, a transcript of the June 13, 2011 oral argument.

7.    Around the same time, based on the likelihood that I would need access to classified materials, a background investigation was initiated. A copy of the June 15, 2010 email I received from the U.S. Department of Justice ("DOJ") Litigation Security Group about this process is attached hereto as Exhibit C. This email expressly states: "It has been determined you may require access to classified information." Ex. C.[2] I submitted my security clearance package to DOJ on June 25, 2010.

8.    During the next status conference, on August 23, 2010, the parties agreed to adjourn the case pending my security clearance in order to allow me an opportunity to review any classified materials that may be relevant to pretrial motions. Ex. D, at 3.

9.    Also during the August 23, 2010 status conference, Assistant United States Attorney Chris LaVigne made the following representations concerning the classified materials:

> Just so the Court's aware and the defense is aware, we expect to be making a submission to the Court regarding those materials, which I indicated to Ms. Sarafa we would be doing. I don't have a clear sense of when the timing is going to be on that. We're going to try and do that as soon as we can.
>
> . . .
>
> I just want it to be clear that once Ms. Sarafa gets her clearance, she's not going to be provided a universe of materials. As the Court I'm sure is aware, we're going to first bring it to the attention of the Court to look at it.
>
> . . .
>
> But we're working with the folks in Washington to get Ms. Sarafa cleared as soon as possible, just so we can avoid any further delays once the Court's ruled on it.

*Id.* at 4. The matter was adjourned until October 12, 2010. *Id.* at 5.

---

[2]  It would appear that, in order to cause DOJ to initiate a background investigation, the U.S. Attorney's Office would have to make a submission setting forth the reasons that defense counsel may need access to classified information. To the extent that any such documents exist, Mr. Yousef respectfully requests their production in connection with his discovery motion.

10.     On October 12, 2010, the Court asked AUSA Brown about the status of my

security clearance. Ex. E, at 2. AUSA Brown stated:

> We are close. . . . I have been speaking to the person who is responsible for the
> process, and I assume we will find out, at most, in weeks, not months, maybe
> days. And I have been working with various agencies, and we are very close to
> making submissions to your Honor.

*Id.* at 2-3. Anticipating that the security clearance and submissions to the Court would be

completed in a timely fashion, the parties agreed to set a motion deadline of January 14, 2011,

and a hearing date of February 15, 2011. *Id.* at 4.

11.     It was not until February 1, 2011, however, after I made numerous inquiries to the

DOJ Litigation Security Group, that I learned that my background investigation was completed

and I was eligible for security clearance. At that time, however, the government still had not

made any submissions to the Court concerning the classified materials. Based on these delays,

the January 14, 2011 motion deadline was adjourned.

12.     On March 8, 2011, AUSA Brown informed me by telephone that the government

had not made any submissions to the Court, but expected to do so within the next three weeks.

13.     At the next status conference, on March 9, 2011, in an effort to move the case

forward, the parties agreed to set a motion deadline of April 29, 2011.[3]

14.     It was not until the day of oral argument on the pretrial motions, June 13, 2011,

that the government finally made a submission to the Court regarding the classified materials.

This was a full 14 months from the day that the government first informed the Court of the

classified materials – April 13, 2010 – which was already more than seven months into the case.

In fact, the Court expressed concern on April 13, 2010 that discovery remained outstanding more

---

[3]  I have requested, but not yet received, a transcript of the March 9, 2011 status conference.

4

than seven months after Mr. Yousef first appeared. Ex. B, at 2. With regard to the classified materials, the Court stated on that day:

> When you say there's an argument with the agencies, if the material is covered by Rule 16, it has to be produced. If you can't produce it, then maybe you don't go ahead with the prosecution. . . .
>
>     . . .
>
>     I understand that sometimes there are issues concerning classified information, but by the same token, it has to be resolved at some point in time, because [Mr. Yousef's] being held in custody, and Ms. Sarafa wants to bring a motion.

*Id.* at 3-4.

15.    I filed a motion to dismiss the indictment on constitutional grounds in June 2010, but the filing of additional pretrial motions was delayed several months in order to permit defense counsel an opportunity to be security cleared and review classified materials. Ultimately, despite the government's failure to make a submission regarding the classified materials, the defense, in an effort to move the case forward, filed motions without the benefit of these documents, despite the fact that all indications are that the materials are relevant to the motions and to Mr. Yousef's defense at trial.

16.    Mr. Yousef, meanwhile, has been incarcerated since the time of his arrest, and continues to experience deteriorating health.

17.    The defense submits that the representations made by the government to defense counsel and to the Court indicate that additional documents material to the defense exist but have not been produced. For the reasons set forth herein and in all prior pleadings and proceedings, we respectfully request that the Court compel the government to produce the requested documents.

Dated: June 22, 2011
       New York, NY

                                                    s/Melinda Sarafa_____
                                                    Melinda Sarafa

5