# Exhibit A

4/9/10   Jeff Brown

submitted MLAT - pending
thought would get unofficial materials - but not yet

reviewing classified materials - found one piece of Brady material -
    does not relate to transaction charge)
- scam transaction proposed -
getting that to me

working on that; nervous abt how much time has passed.
   - trial & issue ---


- material support -

# Exhibit B

04DVYOUC                          Conference

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x              DOC # ___15___

3    UNITED STATES OF AMERICA,

4              v.                                 08 CR 1213 (JFK)

5    JAMAL YOUSEF, a/k/a "Talal
     Hassan Ghantou,"

6                                                 U.S. DISTRICT COURT
                                                       FILED
7              Defendant.                            MAY 1 4 2010
                                                        D.S.
                                                     S.D. OF N.Y.
8    ------------------------------x

9                                                New York, N.Y.
                                                 April 13, 2010
10                                               10:27 a.m.

11   Before:

12              HON. JOHN F. KEENAN,

13                                               District Judge

14                         APPEARANCES

15

16   PREET BHARARA,
          United States Attorney for the
17        Southern District of New York
     JEFFREY BROWN
18        Assistant United States Attorney

19   MELINDA SARAFA
          Attorney for Defendant
20

21   ALSO PRESENT:  MIRTA HESS, Spanish Interpreter

22

23

24

25

04DVYOUC                          Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                              08 CR 1213 (JFK)

JAMAL YOUSEF, a/k/a "Talal
Hassan Ghantou,"

                  Defendant.

------------------------------x

                                        New York, N.Y.
                                        April 13, 2010
                                        10:27 a.m.

Before:

                  HON. JOHN F. KEENAN,

                                        District Judge

                          APPEARANCES

PREET BHARARA,
      United States Attorney for the
      Southern District of New York
JEFFREY BROWN
      Assistant United States Attorney

MELINDA SARAFA
      Attorney for Defendant

ALSO PRESENT:  MIRTA HESS, Spanish Interpreter

04DVYOUC                       Conference

```
 1              (In open court)

 2         THE COURT:  All right.  Our first matter is the United

 3    States against Jamal Yousef.  And the official interpreter is

 4    here, and Ms. Sarafa is here for the defendant, and Mr. Brown

 5    is here.  And I know that the motion schedule has been put off.

 6         Now, I just want to make sure.  First of all, have you

 7    supplied the discovery, Mr. Brown?

 8         MR. BROWN:  Judge, the short answer is there's still

 9    outstanding discovery.

10         THE COURT:  What's the problem?  I mean I first saw

11    Mr. Yousef on September 8th, 2009.  And we're now into April.

12    I mean this isn't a case involving the Coca-Cola formula, is

13    it?  I mean you charge him as being a member of this group,

14    this so-called Fuerzas Armadas Revolucionarias de Colombia,

15    which is known as FARC.  What's the discovery that's still

16    outstanding?

17         MR. BROWN:  Judge, the discovery that's still

18    outstanding is classified, that's the problem.  It's this

19    process --

20         THE COURT:  Isn't there something called SEPA?

21         MR. BROWN:  There is, Judge, and we intend --

22         THE COURT:  Did you ever tell me about that till now?

23         MR. BROWN:  I apologize, Judge.  I did not tell you

24    that there was one.

25         THE COURT:  Okay.  You didn't know about it.
```

04DVYOUC                    Conference

1           MR. BROWN:  I may have.

2           THE COURT:  Why didn't you tell me that?

3           MR. BROWN:  If I didn't, Judge, I apologize.  I

4    thought I might have.  I've been reviewing the classified

5    discovery, and there is --

6           THE COURT:  I was on the Foreign Intelligence Court

7    for seven years.  I've tried two terrorist cases where SEPA was

8    involved.  Let's get cracking with this thing.

9           MR. BROWN:  Judge, I promise you that I'm working on

10   it.  I understand your frustration.  It's frustrating to me,

11   too.  I know that you're familiar with the process.  Sometimes

12   there's an argument between us and the various agencies who

13   collect these materials about what can and can't be disclosed.

14   And I'm working diligently to make whatever discoverable

15   matters exist --

16          THE COURT:  When you say there's an argument with the

17   agencies, if the material is covered by Rule 16, it has to be

18   produced.  If you can't produce it, then maybe you don't go

19   ahead with the prosecution.  I'm not saying you should drop it

20   today, that's not what I'm saying.

21          Tomorrow I'm leaving for Chicago to go to a meeting of

22   the Advisory Committee on Criminal Rules of the Judicial

23   Conference of which I'm a member.  Practically, the whole

24   subject is going to be Rule 16 and disclosure.  And the

25   contention by many at the defense bar is materials are not

04DVYOUC                        Conference

 1   being supplied that should be supplied.

 2          I understand that sometimes there are issues

 3   concerning classified information, but by the same token, it

 4   has to be resolved at some point in time, because he's being

 5   held in custody, and Ms. Sarafa wants to bring a motion.  I

 6   don't know whether she's in a position to bring the motion now.

 7   As I understand her motion, it's addressed to the

 8   constitutionality of the statute.  Am I correct about that?

 9          MS. SARAFA:  That's one motion, your Honor.  There

10   will be, I anticipate, other motions, as well.  And one of the

11   things that I am trying to work through is exactly what motions

12   need to be brought, and that depends upon seeing all of the

13   discovery.  There may well be some --

14          THE COURT:  What is the motion schedule?  When are you

15   going to move?

16          MS. SARAFA:  Well, I think that given --

17          THE COURT:  At least I mean whatever is classified or

18   not classified and whatever is discoverable or not

19   discoverable, that has nothing to do with the constitutionality

20   of the statute, does it?

21          MS. SARAFA:  That's correct.

22          THE COURT:  All right.  So make your motion about the

23   constitutionality; let's get over that hurdle.  When is that

24   going to be made?

25          MS. SARAFA:  Well, since I was anticipating filing all

04DVYOUC                        Conference

1    of the motions at the same time, I mean I would ask for 30 days

2    to file a motion on the constitutionality.

3            THE COURT:  All right.  You want to file on

4    constitutionality on May 13th, is that right?

5            MS. SARAFA:  I can do that, your Honor.

6            THE COURT:  OK.  That's a month.  Is that what you

7    want?

8            MS. SARAFA:  Yes.

9            THE COURT:  All right.  Now, when will you be able to

10   answer, Mr. Brown?

11           MR. BROWN:  In a week, Judge; so the 20th.

12           THE COURT:  All right.  I'll give you until May 21st.

13           MS. SARAFA:  And I would request a week to reply.

14           THE COURT:  Would you like to reply?

15           MS. SARAFA:  Yes.

16           THE COURT:  All right.  When would you like?

17           MS. SARAFA:  One week, please.

18           THE COURT:  All right.  May 28th.  Now, when will you

19   learn, Mr. Brown, about your ability or inability, ultimately,

20   to make further disclosures under Rule 16?  When are you going

21   to be able to find this out?  First of all, is this in the

22   terrorist unit in your office?

23           MR. BROWN:  Yes.

24           THE COURT:  OK.  Who's the head of the terrorist unit?

25           MR. BROWN:  There are two chiefs, Michael Farbiarz and

04DVYOUC                        Conference

1   Anjan Sahni.

2       THE COURT:  OK.  Mr. Farbiarz tried one of the

3   terrorist cases before me.  Tell him you are before me about

4   this, and that Keenan is becoming very difficult; and that he

5   wants -- he, Keenan -- wants some kind of decision as to what

6   you're going to do or what you're not going to do.  Otherwise,

7   Farbiarz will be over here, together with the head of the

8   criminal division, together with the U.S. Attorney, because

9   from September 8th until now is an inordinate period not to be

10  able to make your mind up.  I mean in the other cases I've

11  tried where there's confidential or classified or secretive --

12  top secret material, it didn't take that long.  So when are you

13  going to be able to get this resolved?

14      MR. BROWN:  Judge, I'm traveling down to Washington

15  next week, so I should have a better answer for you.  I may,

16  after that, write you a letter under seal *ex parte* explaining a

17  little bit more the circumstances, and maybe that will, you

18  know, help you understand sort of the complications I'm in.

19  It's not as much a decision about whether something is

20  discoverable; we've made our determination about that.

21      THE COURT:  OK.  Well, we should pick an adjourned

22  date, it seems to me.  And it seems to me that ultimately

23  Ms. Sarafa is going to have to make another motion, unless I

24  dismiss the indictment on the grounds of the statute is

25  unconstitutional.

1          So I think we better have a conference sometime in

2     June, at which time this discovery stuff will be resolved one

3     way or the other.   And I would prefer to have ruled on the

4     constitutionality motion by the time of the conference.

5          So are you available during June, Ms. Sarafa?

6          MS. SARAFA:  Yes, your Honor.

7          THE COURT:  All right.   When would you like?

8          MS. SARAFA:  Perhaps the week of June 7th, possibly

9     the 10th or 11th.

10         THE COURT:  All right.   Let's make it June 11th at 10

11    a.m.   And the time between now and then is excluded from the

12    provisions of the Speedy Trial Act because of the motion that

13    you are about to bring concerning the constitutionality of the

14    statute.   Thank you very much.   June 11th 10 o'clock.   Thank

15    you.

16         MR. BROWN:  Thank you, your Honor.

17         MS. SARAFA:  Thank you, your Honor.

18         THE COURT:  I just want to make sure of one thing.   I

19    don't think we need to bring the defendant back out, but how is

20    his physical condition?

21         MS. SARAFA:  He did undergo surgery, and he actually

22    wanted to express to the Court his appreciation of that having

23    taken place.

24         THE COURT:  I just wanted to make sure he was all

25    right.   OK.   Thank you.

04DVYOUC                        Conference

1          MS. SARAFA:  I think we were awaiting test results,

2    but things are moving along as they should.

3          THE COURT:  Thank you.

4          MS. SARAFA:  Thank you.

5                          *    *    *

**Exhibit C**

**Melinda Sarafa**

| | |
|---|---|
| **From:** | Nickens, Robin (JMD) [Robin.Nickens@usdoj.gov] |
| **Sent:** | Tuesday, June 15, 2010 4:48 PM |
| **To:** | 'Melinda Sarafa' |
| **Cc:** | Macisso, Michael P |
| **Subject:** | Background Investigation# 8108032 |
| **Attachments:** | e-QIPApplicantBrochure.pdf; DOJ 555 revised 10-6-08.pdf; TAXWAIVER ALL.pdf |

Ms. Sarafa,

It has been determined you may require access to classified information.  This access requires a favorable adjudication of a Background Investigation (BI) that will be conducted by the Federal Bureau of Investigation. In order to initiate this process it is necessary for you to submit a security clearance package to this office.

Attached you will find guidelines and a checklist to assist you in submitting the Standard Form 86 (SF-86), *Questionnaire for National Security Positions* using e-QIP.  E-QIP is a secure website that can be accessed from any computer system which has an internet connection. ***This process will need to be completed within 10 days upon receipt of this notice.***

Also attached are documents that must be submitted separately that are not part of e-QIP such as the IRS Tax Waiver Form, Department of Justice consumer/credit release form and additional instructions for completing your fingerprint cards.

To complete your SF-86 using e-QIP, go to the following link: https://www.e-qip.opm.gov/eqip/eQIP  . Please thoroughly read and follow the instructions for completing this form.  NOTE: To fully address suitability/security issues, responses to questions on the SF-86 must go back (10) ten years. Failure to complete the application as instructed may lead to significant delays in processing your BI.

**Please read the following helpful information.**

**From the website, you will:**

- Select **e-QIP Application Site**.  An automated test of your computer web browser for compatibility will be conducted.
- If your browser is not compatible, instructions will explain what you need to do to be able to complete the form on line.
- Check your Internet Explorer settings to make sure that you have TLS 1.0 enabled in your security settings. TLS 1.0 is needed to view e-QIP.  To do this, conduct the following steps:
- Open IE and select **Tools**.  Then select **Internet Options**. Next select the tab marked **Advanced**.  Scroll down to the Security section at the bottom of the listing and make sure the box next to **TLS 1.0** is checked.  Select **Apply**, then **Okay**.
- If the results of the web browser check are complete, you will then select **continue**.
- You will then be asked to provide your social security number (SSN).
- Once this is completed, you will be asked three (3) "Golden Questions".

    (your last name, year of birth, and city of birth)

**If you were born in Washington, DC, please note: when the system requests your city of birth enter Washington only. DC will be your state code.**

**Once you have completed the e-QIP application you will need to do the following:**

1. Certify your form by clicking the **Certify** button. This step certifies that you have provided correct and accurate information. Once certified, **your answers to the Questionnaire will be locked and unavailable for editing.**
2. Print an archival copy of your form for your own records.
3. Print out the **3 e-QIP release forms** 1) e-QIP Certification Page 2) e-QIP Authorization for Release of Information, and 3) e-QIP Authorization for Release of Medical Information.
4. Select the **Release request/Transmit to Agency**. The forms will be sent electronically to this office. If there are any errors found during the review of your form we will return it to you electronically for corrections indicating the errors and the process to the follow to correct them.

**PLEASE DO NOT UPLOAD, SCAN, FAX OR ATTACH ANY SIGNATURE PAGES TO THE SYSTEM. YOUR FORMS MUST BE MAILED BACK TO THE ADDRESS SPECIFIED BELOW IN THIS EMAIL.**

**IF YOU HAVE ANY QUESTIONS PLEASE CONTACT (202) 514-9016.**

Please return the completed IRS Tax Waiver Form and DOJ consumer/credit release forms, e-QIP signature forms and 2 completed fingerprint cards. Also include a cover letter indicating the name of the case that you are associated with and your position, i.e., law clerk, attorney. Please return this material, along with a cover letter to via **FEDEX** to:

United States Department of Justice
Litigation Security Group
145 N. Street NE
Suite 2W.115
Washington, DC 20530-0001
ATTN: Mike Macisso

If you encounter any problems completing the application on-line or if you have any additional questions, please contact Robin Nickens, at (202) 514-9016.

Sincerely,

**Joan B. Kennedy**
Associate Director
Security and Emergency Planning Staff
Litigation Security Section

**Exhibit D**

08nzyouc                          Conference

U.S. DISTRICT COURT
FILED
DWO SEP 21 2010
D.S.
S.D. OF N.Y.

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,              New York, N.Y.

4              v.                           S3 08 CR 1213 (JFK)

5    JAMAL YOUSEF,

6              Defendant. Original

7    ------------------------------x

8
                                     August 23, 2010
9                                    10:14 a.m.

10
     Before:
11
                    HON. JOHN F. KEENAN,
12
                                     District Judge
13

14                     APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  CHRISTOPHER LAVIGNE
17        Assistant United States Attorney

18   MELINDA SARAFA
          Attorney for Defendant
19
     Also Present:  Paula Gold, Spanish Interpreter
20

21

22

23   DOC# 25

24

25

08nzyouc                         Conference

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,              New York, N.Y.

4                   v.                     S3 08 CR 1213 (JFK)

5   JAMAL YOUSEF,

6                Defendant.

7   ------------------------------x

8
                                          August 23, 2010
9                                         10:14 a.m.

10
    Before:
11
                       HON. JOHN F. KEENAN,
12
                                          District Judge
13

14                       APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  CHRISTOPHER LAVIGNE
17       Assistant United States Attorney

18  MELINDA SARAFA
         Attorney for Defendant
19
    Also Present:  Paula Gold, Spanish Interpreter
20

21

22

23

24

25

08nzyouc                      Conference

1          THE DEPUTY CLERK:  All rise.

2          THE COURT:  Good morning, everybody.

3          All right, the decision on the motion to dismiss I

4     signed this morning, and I've had it passed out.  The motion is

5     denied.

6          What is your pleasure?  You want a trial date, you

7     want an adjourned date, what would you like?

8          MS. SARAFA:  Good morning, your Honor, Melinda Sarafa.

9          THE COURT:  Good morning.  Nice to see you.  Good

10    morning to you also, Mr. Yousef.

11         MS. SARAFA:  Your Honor, as the Court is aware --

12         THE DEFENDANT:  Good morning.

13         MS. SARAFA:  -- we have been waiting for additional

14    materials from Sweden as part of the discovery production.  I

15    just received from the government a letter with a CD with some

16    supplemental -- some of those materials.  But it's also clear

17    from the letter that one of the CD Roms that was produced could

18    not be accessed, and so a request for that remains pending.

19         Also, there has been discussion of potential

20    classified materials that are relevant to the defense.  I have

21    been in the process of undergoing background check and security

22    clearance --

23         THE COURT:  Sure.

24         MS. SARAFA:  -- which should be completed very shortly

25    but it has not yet been.

08nzyouc                         Conference

1              And I understand that there's an additional period of

2    time, even after I get cleared, before I could can obtain

3    access to the relevant materials.

4              So the materials from Sweden are certainly relevant to

5    motions that I may wish to file.  I need time to review this,

6    but I also probably need to see the materials that remain

7    outstanding.  Therefore, I would request an adjourned date so

8    that we can -- I can review what has been provided.

9              THE COURT:  That's reasonable.  I'm not going to

10   object to that.  The Government's certainly not going to, are

11   you?

12             MR. LAVIGNE:  No, Judge.

13             THE COURT:  All right.  I mean, it is reasonable too,

14   isn't it?

15             MR. LAVIGNE:  Yes, Judge.

16             THE COURT:  She has to get her clearance,

17   understandably, and she's got to read various material after

18   she gets the clearance.

19             MS. SARAFA:  Yes, Judge.

20             THE COURT:  How long do you want -- go ahead,

21   Mr. Lavigne, what were you going to say?

22             MR. LAVIGNE:  Well, just to speak to the potentially

23   classified materials.

24             THE COURT:  Yes.

25             MR. LAVIGNE:  And obviously there is a limited amount

1   we can say about that.  Just so the Court's aware and the

2   defense is aware, we expect to be making a submission to the

3   Court regarding those materials, which I indicated to

4   Ms. Sarafa we would be doing.  I don't have a clear sense of

5   when the timing is going to be on that.  We're going to try and

6   do that as soon as we can.

7          THE COURT:  Good.

8          MR. LAVIGNE:  Once we --

9          THE COURT:  And to the degree that you can help her

10  and move her along to get the clearance --

11         MR. LAVIGNE:  Yes, Judge, and we have done that.

12         THE COURT:  Okay.

13         MR. LAVIGNE:  I just want it to be clear that once

14  Ms. Sarafa gets her clearance, she's not going to be provided a

15  universe of materials.  As the Court I'm sure is aware, we're

16  going to first bring it to the attention of the Court to look

17  at it.

18         THE COURT:  Yes, I have to look at it --

19         MR. LAVIGNE:  Yeah.

20         THE COURT:  -- and pass on it and decide whether it's

21  to be turned over.  I understand all that.

22         MR. LAVIGNE:  Okay, yes.

23         But we're working with the folks in Washington to get

24  Ms. Sarafa cleared as soon as possible, just so we can avoid

25  any further delays once the Court's ruled on it.

08nzyouc                          Conference

1          THE COURT:  So how long are we talking about?

2          MR. LAVIGNE:  I guess that's the million dollar

3    question, Judge.

4          THE COURT:  Do you want a control date?

5          MR. LAVIGNE:  Yeah, I'm fine with that.

6          THE COURT:  Ms. Sarafa is nodding affirmatively --

7          MS. SARAFA:  Yes.

8          THE COURT:  -- when I asked do you want a control

9    date.  When would you like as a control date?

10          MS. SARAFA:  Perhaps 45 days.

11          THE COURT:  It's all right with me if it's all right

12    with you.

13          MR. LAVIGNE:  It's fine with me, Judge.

14          THE COURT:  Okay.  Let's set it down for October 12th

15    then, okay.  Is that all right?

16          MR. LAVIGNE:  Yes, Judge.

17          THE COURT:  October 12th at 10:30.  And the time

18    between now and then is excluded under the provisions of the

19    Speedy Trial Act because it's necessary for defense counsel to

20    receive her security clearance.  October 12th, 10:30.  And the

21    time is excluded from the provision of the Speedy Trial Act

22    because the interests of justice are best served by permitting

23    Ms. Sarafa to receive her clearance and for the Court to see

24    whatever classified documents exist and to decide whether those

25    are to be turned over to the defense.

08nzyouc                           Conference

1              October 12th, 10:30.  Thank you very much.  Time is

2     excluded.

3                   MS. SARAFA:  Thank you, your Honor.

4                   THE COURT:  Thank you.

5                   MR. LAVIGNE:  Thank you, Judge.

6                   (Adjourned to October 12th, 2010 at 10:30 a.m.)

**Exhibit E**

1

0AC8YOUC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        08 Cr. 1213 (JFK)

5   JAMAL YOUSEF,

6              Defendant.

7   ------------------------------x

8                                       October 12, 2010
                                        10:45 a.m.
9

    Before:
10
                      HON. JOHN F. KEENAN
11
                                        District Judge
12
                         APPEARANCES
13
    PREET BHARARA
14       United States Attorney for the
         Southern District of New York
15  JEFFREY A. BROWN
         Assistant United States Attorney
16
    MELINDA SARAFA
17       Attorney for Defendant

18

19  Also present:   PAULA GOLD, Spanish interpreter

20

21

22

23

24

25

0AC8YOUC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4                    v.                    08 Cr. 1213 (JFK)

5    JAMAL YOUSEF,

6                    Defendant.

7    ------------------------------x

8                                         October 12, 2010
                                          10:45 a.m.
9

     Before:
10
                     HON. JOHN F. KEENAN
11
                                          District Judge
12
                          APPEARANCES
13
     PREET BHARARA
14        United States Attorney for the
          Southern District of New York
15   JEFFREY A. BROWN
          Assistant United States Attorney
16
     MELINDA SARAFA
17        Attorney for Defendant

18

19   Also present:  PAULA GOLD, Spanish interpreter

20

21

22

23

24

25

0AC8YOUC

1              (Case called)

2              THE COURT:  First of all, before we get into anything

3    substantive, how is the defendant's medical condition?

4              MS. SARAFA:  At this point, your Honor, he has had all

5    of his teeth extracted and is awaiting the dentures.  I think

6    they are waiting for his gums to heal.

7              THE COURT:  Sometimes that takes a little while.

8              MS. SARAFA:  Otherwise I believe things are stable.

9              THE COURT:  Where are we on your clearance?

10             MS. SARAFA:  I still have not received formal

11   notification that my clearance has been secured.  It's my

12   understanding that there do not seem to be any impediments to

13   it, but it's undergoing the normal bureaucratic process.  So we

14   are still awaiting a final notification.  I believe the

15   government has been in contact with the office that handles

16   this, and we both are attempting to move this along, but we do

17   not have any further specifics.

18             THE COURT:  Do you know anything more than we knew the

19   last time, Mr. Brown?

20             MR. BROWN:  About the clearance, your Honor?

21             THE COURT:  Yes, the clearance.

22             MR. BROWN:  Only that we are very close.

23             THE COURT:  We are close?

24             MR. BROWN:  We are close.  That's what I know, Judge,

25   everything Ms. Sarafa is saying about that.  I have been

OAC8YOUC

1    speaking to the person who is responsible for the process, and

2    I assume we will find out, at most, in weeks, not months, maybe

3    days.  And I have been working with various agencies, and we

4    are very close to making submissions to your Honor.

5          THE COURT:  How long do you suggest?

6          MR. BROWN:  I think, Judge, based on my discussions

7    with Ms. Sarafa, that she is prepared to set a distant date for

8    motions so we can proceed that way.

9          THE COURT:  More motions?  I thought we had our

10   motions.  There was a motion attacking the constitutionality of

11   the charges.  What are the other motions, Ms. Sarafa?

12         MS. SARAFA:  Your Honor, as we had discussed at some

13   of the previous conferences, because of the need to obtain

14   additional discovery, in particular, some documents from

15   Sweden, we had postponed the original motion date, but your

16   Honor wanted to proceed with the motion on the constitutional

17   question.  So I filed that, but I do anticipate filing, at a

18   minimum, I believe a motion to suppress.

19         THE COURT:  Suppress what, the statement?

20         MS. SARAFA:  To suppress materials obtained pursuant

21   to a search warrant that was based on information obtained in

22   part from Sweden.  Although I have received some of the

23   materials from Sweden, there are additional materials that are

24   outstanding.

25         I was thinking that, just in an effort to move things

0AC8YOUC

1    along, perhaps we should set a motion date 90 days out, and I

2    will work with the government in an effort to obtain everything

3    that remains outstanding.  If we need additional time, we will

4    of course inform the Court.

5              THE COURT:  When do you want to make the motion?

6              MS. SARAFA:  Perhaps January 14, your Honor.

7              THE COURT:  Let me just make sure it's a weekday.

8              MS. SARAFA:  It's a Friday.

9              THE COURT:  It is indeed.  January 14, 2011, for a

10   motion to suppress.

11             How long do you want to respond?

12             MR. BROWN:  I think two weeks is sufficient, which I

13   guess would be the 25th.

14             THE COURT:  Two weeks would be the 28th.

15             MS. SARAFA:  I would ask for one week to reply.

16             THE COURT:  You have a week to reply.  That's February

17   4.

18             Let's set this down for February 15.  I am not saying

19   I will have a written decision then, but I will be able to give

20   you orally a ruling so that you will know whether you're going

21   to have a hearing or what's going to happen.  Is that all

22   right?

23             MR. BROWN:  Yes.

24             MS. SARAFA:  Yes.

25             THE COURT:  February 15 at 10:15.  The time between

0AC8YOUC

1    now and then is excluded under the provisions of the Speedy

2    Trial Act because there will be motions pending and under the

3    statute, when there are motions pending, the time is excluded,

4    besides which the interests of justice are best served by

5    excluding the time between now and February 15 so that defense

6    counsel can secure her clearance.

7           Thank you very much.   February 15, 10:15.

8           MR. BROWN:   Thank you, your Honor.

9           (Adjourned)