**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                    :
**UNITED STATES OF AMERICA**                        :
                                                    :
        v.                                          :    **08-CR-1213 (JFK)**
                                                    :
**JAMAL YOUSEF,**                                   :    **DECLARATION IN**
                                                    :    **SUPPORT OF MOTION**
                        **Defendant.**              :
-----------------------------------------------------------------------x

MELINDA SARAFA, pursuant to Title 18, United States Code, Section 1746, hereby declares the following under penalty of perjury:

1.      I am an attorney duly admitted to practice in the Southern District of New York, and represent defendant JAMAL YOUSEF in the above-captioned case.

2.      I make this declaration in support of the motion of Mr. Yousef seeking reconsideration of this Court's August 23, 2010 opinion and order denying Mr. Yousef's motion to dismiss the indictment pursuant to the Due Process Clause of the Fifth Amendment.

3.      This declaration is based upon personal knowledge, examination of available records, defense investigation and, where noted, information and belief.

4.      On June 28, 2010, Mr. Yousef filed a motion to dismiss the indictment against him, on the ground that extraterritorial application to him of 21 U.S.C. § 960a, the so-called "narco-terrorism" statute, violates the Due Process Clause of the Fifth Amendment. A true and correct copy of Mr. Yousef's memorandum of law in support of this motion is attached hereto as Exhibit A.

5.      In essence, Mr. Yousef argued, and continues to maintain, that there is no nexus between him and the United States sufficient to satisfy the Due Process limit on application of the narco-terrorism statute to his alleged extraterritorial conduct. Mr. Yousef is not a national of

the United States. He is charged with conspiring to sell weapons to purported representatives of FARC, in exchange for narcotics. All conversations in furtherance of the alleged conspiracy took place in Honduras, and neither the supposed weapons nor narcotics were to travel to, from or through the United States. No party ever claimed that any weapons were to be used against United States nationals or United States interests.

6.    On July 12, 2010, the Government submitted a responsive memorandum of law, a true and correct copy of which is attached hereto as Exhibit B. The Government argued principally that there was a sufficient nexus between Mr. Yousef and the United States because one unindicted alleged co-conspirator allegedly claimed that "the weapons offered for sale were American weapons stolen from American armed forces in Iraq." Ex. B at 1.[1]

7.    The Court heard oral argument on the motion on August 10, 2010. A true and correct copy of the oral argument transcript is attached hereto as Exhibit C. During oral argument, Assistant United States Attorney Jeffrey Brown stated that "[t]he nexus is that this is an organization that is selling stolen military weapons from Iraq." Ex. C at 14.

8.    The Court asked Mr. Brown the following specific question: "Are you claiming that the weapons were actually stolen from our military, or are you claiming that somebody just said that they were?" *Id.* at 15. Mr. Brown replied: "*Well, as of right now, of course I only have the statement. I don't know that they were or were not. Ms. Sarafa is right, we have not recovered the weapons. So that's clear. But again, Judge, on a motion to dismiss, the inference is that these defendants are saying these things because they are true.*" *Id.* (emphasis added).

9.    This statement was not a candid response to the Court's question. The Government had much more information available at that time than just the co-conspirator

---

[1]  The Government also argued that it was made clear during negotiations that FARC trafficked narcotics to the United States, and that, although this was never discussed in connection with the alleged conspiracy, FARC is generally known as an organization that has targeted United States interests. Ex. B at 1.

statement, but did not reveal it to the Court. As counsel subsequently learned during further motion practice, review of discovery, and discussion with the Government, the Government had known since long before Mr. Yousef's arrest that the supposed weapons under negotiation in the alleged conspiracy *did not exist*. In December 2008, Hassan Rammal, the individual who appears in the photos referenced in the indictment in this case, disclosed to agents from DEA's office in Belize that he was only *pretending* to be in possession of such weapons. Although counsel had requested any reports of interviews with Rammal as early as April 12, 2010, it was not until May 31, 2011, more than one year later, in response to additional pretrial motions, that the Government produced redacted copies of the requested reports. Attached hereto as Exhibit D is a true and correct copy of the May 31, 2011 declaration of Mr. Brown, along with Exhibit B to that declaration, consisting of the redacted reports of the Rammal interviews.

10.     Attached hereto as Exhibit E is a true and correct copy of the transcript of the June 13, 2011 oral argument on the additional pretrial motions. Notably, during this argument, the Government conceded that the weapons photos cited in the indictment in this case were indeed "phony." Ex. E at 21.

11.     Accordingly, a candid response to the Court's question about whether the weapons were actually stolen from the U.S. military would have been: "No, we are not claiming that the weapons were actually stolen from the U.S. military, but only that someone said they were." But not only did Mr. Brown decline to provide that information, he went one step further, and asked the Court to draw an inference – namely, that the co-conspirator made the statement because it was true – that he knew had no basis in fact.

12.     The Court relied on the representations of the Government in its August 23, 2010 opinion and order denying Mr. Yousef's motion to dismiss on Due Process grounds. A true and

correct copy of the Court's opinion is attached hereto as Exhibit F. The Court concluded that the evidence supported the conclusion that Mr. Yousef was aware that the charged conduct would have an effect on United States interests. Ex. F at 10-11. The primary ground cited in support of this conclusion was that "the recorded conversations between the confidential source and a co-conspirator regarding the 'American' weapons stolen from the 'gringos . . . in Iraq' make clear that the weapons at issue were taken from the United States military arsenal." Ex. F. at 11.[2]

13.     Because the Court was not fully and candidly apprised of information that it clearly deemed relevant to its analysis, Mr. Yousef respectfully submits that reconsideration in light of the expanded record is warranted.

14.     A pretrial motion to dismiss ordinarily should be based on no more than the face of the indictment, which in this case alleges none of the facts the Court relied upon in its decision. *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998). An exception exists when the Government makes what "can fairly be described as a full proffer of the evidence it intends to present at trial to satisfy the jurisdictional element of the offense." *Id.* at 776-77. (In this case, the "jurisdictional element" would be the Due Process nexus, akin to personal jurisdiction rather than subject matter jurisdiction.) The Government did not file an affidavit making a full proffer of the evidence, and in fact withheld relevant evidence when directly questioned by the Court. Under these circumstances, reconsideration is warranted, and Mr. Yousef respectfully submits that the nexus requirement is not satisfied based upon any information revealed thus far.

Dated: February 21, 2012
        New York, NY

s/Melinda Sarafa_____
Melinda Sarafa

---

[2]  The Court also relied for its conclusion on findings that: (1) the confidential source represented to Mr. Yousef's alleged co-conspirators that FARC relies on Mexican drug cartels to transport narcotics to the United States; and (2) that Mr. Yousef's alleged co-conspirators stated during the investigation that they worried about intervention by U.S. law enforcement. Ex. F at 11-12.