```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-5-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA          :
                                  :
     -against-                    :
                                  :      No. S3 08 Cr. 1213 (JFK)
JAMAL YOUSEF,                     :      **Memorandum Opinion and Order**
     a/k/a "Talal Hassan          :
           Ghantou,"              :
                                  :
               Defendant.         :
-------------------------------X

**JOHN F. KEENAN, United States District Judge:**

   Before the Court is Defendant Jamal Yousef's ("Yousef" or "Defendant) motion to depose Ramon Funes, a witness located in Honduras, pursuant to Rule 15 of the Federal Rules of Criminal Procedure. For the reasons that follow, the motion is granted if and only if the Government is unable to assist Yousef in securing the witness's live attendance at trial.

### I.   Background

   In a Third Superseding Indictment dated July 6, 2009, the Government alleges that Yousef and unnamed co-conspirators agreed to provide a cache of military-grade weapons to an individual purporting to represent the Fuerzas Armadas Revolucionarias de Colombia (the "FARC") in exchange for hundreds of kilograms of cocaine. (S-3 Indictment ¶¶ 6-7). The FARC is designated as a terrorist organization by the United States Government pursuant to Section 219 of the Immigration and Nationality Act. (Id. ¶ 1). Yousef is charged with conspiring

to engage in narco-terrorism under 21 U.S.C. § 960a, which provides a heightened sentence for anyone who engages in narcotics activity that would be punishable under 21 U.S.C. § 841(a), or conspires or attempts to do so, while knowing or intending to provide "anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity . . . or terrorism."  A jury trial is scheduled to begin on March 7, 2012.  Yousef has been in custody for over two and a half years.

By this very late motion dated February 21, 2012, just two weeks prior to the scheduled trial date, Yousef moves to take the deposition of one Ramon Funes ("Funes") in Tegucigalpa, Honduras pursuant to Rule 15 of the Federal Rules of Criminal Procedure.  In support of the motion, defense counsel initially offered minimal details about the proposed deponent, stating only that "[t]he sum and substance of Mr. Funes's testimony would be that Mr. Yousef did not intend to deliver any weapons to the confidential informants posing as weapons buyers.  Mr. Funes has personal knowledge of this fact, having been personally involved in efforts to defraud the purported buyers." (Sarafa Decl. ¶ 6).  However, "Mr. Funes is unable to travel to the United States to testify in this matter because he is under court supervision pursuant to a criminal justice sentence in Honduras."  (Id. ¶ 5).  At an emergency conference on February

22, 2012, the Court questioned Funes's ability to testify directly about Yousef's intent or state of mind; the Court was not inclined to allow a last-minute foreign deposition, which would inevitably necessitate a lengthy adjournment of the trial date, absent some indication that any portion of Funes's expected testimony would be relevant and admissible non-hearsay. Moreover, the Government volunteered to seek permission from Honduran authorities for Funes to travel to the United States to testify for the defense live at trial, but again, was unable and unwilling to do so without a more specific proffer of who Funes is and what relevant and admissible testimony he could provide. (Feb. 22, 2012 Letter from AUSA J. Brown at 4-5).  Consequently, the Court directed defense counsel to file a supplemental declaration, with a copy to the Government, setting forth in greater detail the circumstances warranting the requested relief.

    Defense counsel complied, and on February 24, 2012, revealed that Funes is expected to testify, in relevant part, that he personally set up an email account for Yousef, accessed the account for Yousef, and printed emails to deliver in hard copy to Yousef in prison.  (Supp. Sarafa Decl. ¶ 5(c)).  He received photographs of the weapons at issue in the case and emailed the photographs to other people on Yousef's behalf. (Id. ¶ 5(f), (h)).

## II.     Discussion

Under the Federal Rules of Criminal Procedure, the Court may permit a prospective witness to be deposed in order to preserve his or her testimony for trial "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).  "It is well-settled that the 'exceptional circumstances' required to justify the deposition of a prospective witness are present if that witness' testimony is material to the case and if the witness is unavailable to appear at trial."  United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984).  Thus, the Court may exercise its discretion to order Rule 15 depositions where the moving party shows that: "(1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001).  "Unavailability is to be determined according to the practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." Johnpoll, 739 F.2d at 709.

The Government concedes, and the Court agrees, that Funes's anticipated testimony concerning his own conduct, specifically his involvement with the email account and the photographs of weapons involved in the charged conspiracy, may be relevant and

4

material to Yousef's scam defense.  See United States v. Grossman, No. 03 Cr. 1156, 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005) (for Rule 15 purposes, deposition "testimony is material if it is 'highly relevant to a central issue in the case'") (quoting United States v. Drogoul, 1 F.3d 1546, 1556 (11th Cir. 1993)).  Therefore, with respect to materiality, deposing Funes in Honduras to preserve his testimony for trial is unlikely to be a wasted effort for either side.

Funes's unavailability is less clear.  The Court accepts defense counsel's representation that she fully expected to bring Funes to the United States to testify, but only recently found out that the witness is restricted from international travel pursuant to a criminal conviction.  However, the Government represents that it is still investigating whether Funes's travel restraints can be lifted for a limited purpose, and, "[t]o the extent the Honduran authorities agree, the Government will certainly take whatever steps are necessary to secure Mr. Funes's appearance in the United States in order to testify at the trial of this matter." (Feb. 27, 2012 Letter from AUSA J. Dabbs at 7).  At this point, neither the Court nor the parties know with any certainty whether Funes is in fact unavailable for trial, and all parties prefer the witness's live appearance and are working jointly towards that goal.  If the Government is able to liaison with the Honduran authorities to

5

arrange something in the nature of a single entry visa and/or law enforcement escort for Funes to travel to the United States, then the Rule 15 motion becomes moot.  If, however, the Government cannot intervene on Defendant's behalf to bring the witness to the United States, then Funes is unavailable for trial such that a foreign Rule 15 deposition is appropriate.

    Two points bear noting.  First, the Court emphasizes that this ruling extends only so far as a finding that, in the event the Government cannot secure Funes's appearance at trial, exceptional circumstances warrant the taking of a foreign deposition; the admissibility of the deposition testimony at trial is another matter entirely.  Although the Government has already set forth its hearsay challenge to Funes's testimony, the Court takes no position on that issue at this time.  After the deposition has concluded, if the Government believes some part of Funes's testimony is not admissible, it is free to move accordingly.

    Second, the Court does not agree that requiring Defendant to serve a copy of the supplemental submission on the Government prejudiced the defense in any way.  The Government has been aware of Defendant's position that he never intended to consummate the charged arms-for-cocaine deal – the scam defense – since at least May 2011, when Defendant sought to compel the Government to produce any evidence regarding a his involvement

6

in a prior scam weapons transaction, arguing that the evidence is relevant to Defendant's intent to carry out the FARC transaction. Defense counsel's four-page supplemental declaration explains little more than Funes's connection to the Defendant and that Funes may provide circumstantial evidence in support of the already apparent scam defense. Other than some slight element of surprise, the Court does not see any particular advantage Defendant has lost by revealing basic information about its witness, and, more importantly, by sharing even that small amount of information, Defendant was able to obtain the Government's assistance in hopefully bringing Funes to the United States – a marked benefit to the defense. Finally, it is the Court's understanding that Defendant seeks to depose Funes prior to the commencement of trial, so the Government will obtain a preview of the defense evidence regardless of whether the Court accepted defense counsel's supplemental proffer ex parte.

### III.   Conclusion

The parties are directed to update the Court no later than April 9, 2012 regarding the status of negotiations with Honduran authorities and/or the Rule 15 deposition schedule. In the event that the Government is unable to intervene with Honduran authorities on Defendant's behalf to secure Funes's presence at trial in the United States, defense counsel may depose Funes at

7

the American Embassy in Honduras to preserve his testimony for trial.  As Defendant is currently in custody and is unable to travel to Honduras for the deposition, defense counsel is directed to make arrangements for Defendant to participate in the deposition remotely by telephone or videoconference, or to obtain in writing Defendant's waiver of his right to be present at and to participate in the deposition.

   As discussed with counsel, additional time is necessary to determine whether Honduran authorities will permit Funes to travel to the United States.  Similarly, if the Government cannot assist Defendant in obtaining Funes's live presence at trial, the parties will need time to make arrangements with the United States Embassy in Tegucigalpa, Honduras to conduct the deposition.

Consequently, the trial date is adjourned from March 7, 2012 to May 7, 2012. Any motions <u>in limine</u> shall be filed no later than April 30, 2012, with responses filed on May 2, 2012. Counsel are directed to submit proposed <u>voir dire</u> questions and requests to charge no later than the close of business on May 2, 2012. The time between now and May 7, 2012 is excluded from the provisions of the Speedy Trial Act, with Defendant's consent and in the interest of justice, to allow the defense time to secure testimony for trial.

**SO ORDERED.**

Dated:  New York, New York
        March 5, 2012

*[signature: John F. Keenan]*

　　　　　　　　　　　　　John F. Keenan
　　　　　　　　　　　　　United States District Judge