```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :
                                      :
JAMAL YOUSEF                          :     No. 08 Cr. 1213 (JFK)
                                      :
            Defendant.                :
                                      :
------------------------------------- X
JAMAL YOUSEF                          :
                                      :
            Petitioner,               :
                                      :
     -against-                        :
                                      :     No. 16 Civ. 8189 (JFK)
UNITED STATES OF AMERICA              :
                                      :       OPINION & ORDER
            Respondent.               :
                                      :
------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/08/2019

APPEARANCES

FOR THE UNITED STATES OF AMERICA
    Jilan J. Kamal
    U.S. ATTORNEY'S OFFICE

FOR JAMAL YOUSEF
    Pro se

**JOHN F. KEENAN, United States District Judge:**

Before the Court are Defendant-Petitioner Jamal Yousef's ("Yousef") motions (1) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (2) for a sentence modification pursuant to 18 U.S.C. §§ 3582(b) and 3742, and (3) to amend his 18 U.S.C. § 2255 motion. For the reasons below, all three motions are denied.

1

# I. Background

## A. Yousef's Sentence & Appeal

On May 4, 2012, Yousef pleaded guilty, pursuant to a plea agreement, to providing material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. In his plea agreement, Yousef agreed "not [to] file a direct appeal; nor bring a collateral challenge, including but not limited to an application under [28 U.S.C. §§ 2255 or 2241]; nor seek a sentence modification pursuant to [18 U.S.C. § 3582(c)], of any sentence at or below the Stipulated Guidelines Sentence of 180 months' imprisonment." On October 11, 2012, the Court sentenced Yousef to 144 months' imprisonment.

## B. Instant Motions

On October 27, 2015, Yousef brought a motion for a sentence modification pursuant to 18 U.S.C. §§ 3582(b) and 3742 (the "3582 Motion"). (See United States v. Yousef, No. 08 Cr. 1213 (JFK), ECF No. 94 (filed Oct. 27, 2015) [hereinafter "3582 Motion"].)

On October 17, 2016, Yousef brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "First 2255 Motion"). (See Yousef v. United States, No. 16 Civ. 8189 (JFK), ECF No. 1 (filed Oct. 17, 2016) [hereinafter "First 2255 Motion"].)

On January 6, 2016, the Government filed its opposition to the 3582 Motion and the First 2255 Motion. (See United States v. Yousef, No. 08 Cr. 1213 (JFK), ECF No. 98 (filed Jan. 6, 2017) [hereinafter "Opp."].)

Finally, on April 23, 2018, Yousef filed a motion to amend the First 2255 motion (the "2255 Amendment Motion"). (See Yousef v. United States, No. 16 Civ. 8189 (JFK), ECF No. 6 (filed Apr. 23, 2018) [hereinafter "2255 Amendment"].)

## II. Legal Standards

Because Yousef is appearing pro se, the Court construes his submissions liberally and interprets them to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is only available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an

3

error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citations omitted).

18 U.S.C. § 3582 only allows a district court to modify a term of imprisonment where (1) the defendant has been sentenced under "a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Kergil, 741 F. App'x 846, 847-48 (2d Cir. 2018) (citing 18 U.S.C. § 3582(c)).

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (citing Tellado v. United States, 745 F.3d 48 (2d Cir. 2014); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000)); see also United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004). "While plea agreements are to be applied narrowly and construed strictly against the government, exceptions to the presumption of the enforceability of the waiver" occupy a "very circumscribed" area of Second Circuit jurisprudence. Sanford, 841 F.3d at 580 (internal quotations and citations omitted). Indeed, appellate and collateral attack waivers may be set aside when a defendant challenges "the

4

constitutionality of the process by which he waived those rights." Khan v. United States, No. 07 Cr. 711 (LAP), 2014 WL 2111677, at *6-7 (S.D.N.Y. Apr. 28, 2014) (quoting United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001); Gomez-Perez, 215 F.3d at 319); see also Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002). The Second Circuit has recognized such a constitutional challenge to waivers where (1) the waiver was not made knowingly, voluntarily, and competently; (2) the defendant claims that the plea agreement was entered into without effective assistance of counsel, (3) the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (4) the government breached the plea agreement; and (5) the sentencing court failed to enunciate any rationale for the defendant's sentence, amounting to an abdication of judicial responsibility subject to mandamus. See Hernandez, 242 F.3d at 113-14; Gomez-Perez, 215 F.3d at 319 (collecting cases).

### III. Discussion

#### 1. Yousef's 3582 and First 2255 Motions

##### a. 3582 Motion

Yousef brought his 3582 Motion under 18 U.S.C. §§ 3582(b) and 3742. (3582 Motion at 1-2.) As 18 U.S.C. § 3582(b) concerns the "Effect of Finality of Judgment," the Court will assume

5

Yousef meant § 3582(c), the proper subsection under which a sentence modification for a post-sentencing guidelines change is made. See United States v. Perez, No. 08 Cr. 429-06 (DLC), 2016 WL 4775536, at *2 (S.D.N.Y. Sept. 14, 2016). Further, 18 U.S.C. § 3742 grants a Court of Appeals jurisdiction where a district court has imposed a sentence in violation of the law or as a result of an incorrect application of the U.S. Sentencing Guidelines. See United States v. Bonner, 313 F.3d 110, 112 (2d Cir. 2002). As this appears to be inapplicable here, the Court will assume this reference was erroneous. The Court therefore treats the 3582 Motion as solely arising under 18 U.S.C. § 3582(c).

### b. 2255 Motion

Yousef's First 2255 Motion argues that Yousef is entitled to a decrease in his sentence based on Amendment 794 to the U.S. Sentencing Guidelines commentary, issued after his sentencing. (First 2255 Motion at 4.) The Government argues this motion should be considered an 18 U.S.C. § 3582(c) motion because it too seeks a reduction of Yousef's sentence based on a post-sentencing amendment to the sentencing guidelines. (Opp. at 4.) The Court agrees. See Perez, 2016 WL 4775536, at *2 (finding that a petition for relief under 28 U.S.C. § 2255 based on a post-sentencing change to the sentencing guidelines should have been brought as an 18 U.S.C. § 3582(c) motion and converting it

Yousef meant § 3582(c), the proper subsection under which a sentence modification for a post-sentencing guidelines change is made. See United States v. Perez, No. 08 Cr. 429-06 (DLC), 2016 WL 4775536, at *2 (S.D.N.Y. Sept. 14, 2016). Further, 18 U.S.C. § 3742 grants a Court of Appeals jurisdiction where a district court has imposed a sentence in violation of the law or as a result of an incorrect application of the U.S. Sentencing Guidelines. See United States v. Bonner, 313 F.3d 110, 112 (2d Cir. 2002). As this appears to be inapplicable here, the Court will assume this reference was erroneous. The Court therefore treats the 3582 Motion as solely arising under 18 U.S.C. § 3582(c).

### b. 2255 Motion

Yousef's First 2255 Motion argues that Yousef is entitled to a decrease in his sentence based on Amendment 794 to the U.S. Sentencing Guidelines commentary, issued after his sentencing. (First 2255 Motion at 4.) The Government argues this motion should be considered an 18 U.S.C. § 3582(c) motion because it too seeks a reduction of Yousef's sentence based on a post-sentencing amendment to the sentencing guidelines. (Opp. at 4.) The Court agrees. See Perez, 2016 WL 4775536, at *2 (finding that a petition for relief under 28 U.S.C. § 2255 based on a post-sentencing change to the sentencing guidelines should have been brought as an 18 U.S.C. § 3582(c) motion and converting it

accordingly). Accordingly, the Court will consider the First 2255 Motion as arising solely under 18 U.S.C. § 3582(c).

### c. Analysis

Under the terms of Yousef's plea agreement, he specifically agreed not to seek a sentence modification pursuant to 18 U.S.C. § 3582(c) if he received a sentence below 180 months' imprisonment. (Plea Agreement at 4, United States v. Yousef, No. 08 Cr. 1213 (JFK), ECF No. 98-1 (filed Jan. 6, 2017) [hereinafter "plea agreement"]). As the Court sentenced Yousef to 144 months' imprisonment, this waiver applies. Accordingly, the Court finds Yousef has waived his right to make a § 3582(c) appeal. Since these motions do not argue an applicable exception to that waiver, they must be denied. Sanford, 841 F.3d at 580-81.

### 2. Yousef's 2255 Amendment Motion

Yousef's 2255 Amendment Motion is fashioned as a motion to amend the First 2255 Motion. (2255 Amendment at 1.) As the Court, for the reasons above, considers the First 2255 Motion to arise under 18 U.S.C. § 3582(c) instead, the 2255 Amendment Motion is Yousef's first motion arising pursuant to 28 U.S.C. § 2255.

As previously mentioned, Yousef waived his right to file a § 2255 motion in his plea agreement. (Plea Agreement at 4.) However, "a plea agreement containing a waiver of the right to

7

appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel." Hernandez, 242 F.3d at 113-14 (collecting cases); see also Riggi v. United States, No. 04-CV-7852 (JSR)(GWG), 2007 WL 1933934, at *5 (S.D.N.Y. July 7, 2007) (finding that even where a defendant has waived his right to appeal, he may still proceed on an appeal based on an ineffective assistance of counsel claim where it "calls into question the legitimacy of the waiver itself"). Yousef argues that his counsel was ineffective when he (1) failed to object to the sentencing enhancement for terrorism, (2) abandoned Yousef's "meritorious claim of being Kidnapped by the U.S. government while in Honduras," and (3) abandoned the discovery request made to the government for an allegedly "extremely" exculpatory document, the non-production of which allegedly constituted a Brady violation. (2255 Amendment, Ex. 2.) As his arguments for ineffective assistance of counsel based on his alleged kidnapping and the abandonment of a discovery request have nothing to do with the legitimacy of the waiver, Yousef's motion for relief based on these arguments is denied as waived. The plea agreement did, however, contain a stipulation by which Yousef agreed to a terrorism enhancement. (Plea Agreement at 2.) Thus, interpreting Yousef's motion to raise the strongest possible argument it suggests, as the Court is required to do since Yousef appears pro se (Triestman, 470

8

F.3d at 474), the Court concludes that Yousef's argument that his attorney failed to object to the terrorism enhancement is an argument that his plea agreement was entered without the effective assistance of counsel. Accordingly, Yousef's waiver does not preclude this argument and the Court will consider it. Hernandez, 242 F.3d at 113-14.

To prevail on a claim for ineffective assistance of counsel, Yousef "must show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced by counsel's deficient performance." United States v. Ballesteros, Nos. 06 Civ. 6927 (DC), 03 Cr. 347 (DC), 2007 WL 778051, at *4 (S.D.N.Y. Mar. 16, 2007) (citing Strickland v. Washington, 466 U.S. 668, 686-88 (1984)). Here, Yousef makes no argument whatsoever that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. As such, he has failed to adequately plead a claim for ineffective assistance of counsel and this § 2255 motion must be denied.

### Conclusion

For the reasons stated above, Yousef's motions for (1) a sentence modification pursuant to 18 U.S.C. § 3582(c) (No. 08 Cr. 1213 (JFK), ECF No. 94), (2) vacation, setting aside, or correction of sentence pursuant to 28 U.S.C. § 2255 (No. 16 Civ.

9

8189 (JFK), ECF No. 1), and (3) amendment of his previous 28 U.S.C. § 2255 motion (No. 16 Civ. 8189 (JFK), ECF No. 6 & No. 08 Cr. 1213 (JFK), ECF No. 101) are DENIED.

The Court declines to issue a certificate of appealability because Yousef has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motions docketed (1) in No. 08 Cr. 1213 at ECF Nos. 92, 94, 96, 100, and 101, and (2) in No. 16 Civ. 8189 at ECF No. 6.

**SO ORDERED.**

Dated: New York, New York
April 8, 2019

John F. Keenan
United States District Judge