

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 3, 2019

**BY ECF**
Honorable John F. Keenan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

>        Re:    **United States v. Jamal Yousef**
>               **08 Cr. 1213 (JFK)**
>               **16 Civ. 8189 (JFK)**

Dear Judge Keenan:

Pursuant to the Court's Order, the Government respectfully submits this letter brief in opposition to defendant Jamal Yousef's January 15, 2019 motion pursuant to 28 U.S.C. § 2255 (the "Second 2255 Motion") to vacate his conviction for providing material support or resources to a foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B(a)(1), (d)(1), and 3238. (Doc. No. 102.)[1]

The Second 2255 Motion should be denied.  As set forth below, the Second 2255 Motion is procedurally barred because it is a successive motion for which Yousef has not obtained certification from the court of appeals, see 28 U.S.C. § 2255(h), and because, in his plea agreement, Yousef expressly waived his right to collaterally attack the conviction if he received a sentence at or below the Stipulated Guidelines Sentence, which he did.

In any event, the Second 2255 Motion fails on the merits.  The sole argument that Yousef presents—that the Government failed to establish a territorial nexus between his conduct and the United States—was found by the Second Circuit on direct appeal to have been waived by his guilty plea.  See United States v. Yousef, 750 F.3d 254, 262 (2d Cir. 2014).  Moreover, this Court has twice found, in connection with Yousef's efforts to dismiss a prior indictment, that there was a sufficient territorial nexus.  (See Doc. No. 23; Doc. No. 62.)  Contrary to Yousef's assertion, the Supreme Court's decision in Class v. United States, 138 S. Ct. 798 (2018), does not now furnish a basis to collaterally attack his conviction.

---

[1]    All citations to "Doc. No." refer to filings in the criminal case, No. 08 Cr. 1213 (JFK).

## I.    <u>Background</u>

This case arises from Yousef's attempt, between July 2008 and August 2009, to broker the sale of military-grade weapons to individuals posing as representatives of the Fuerzas Armadas Revolucionarias de Colombia ("FARC").  For this conduct, Yousef was charged in the Third Superseding Indictment ("S3 Indictment") with conspiracy to commit narco-terrorism, in violation of 21 U.S.C. § 960a and 18 U.S.C. § 3238.

### A.    **Yousef's Motion to Dismiss the S3 Indictment and Motion for Reconsideration**

On June 28, 2010, Yousef moved to dismiss the S3 Indictment on the ground that there was an insufficient territorial nexus between his alleged conduct (which occurred while he was incarcerated in Honduras) and the United States.  (Doc. No. 18.)  On August 23, 2010, the Court denied the motion on the following grounds (Doc. No. 23):

- *First*, in a recorded conversation, one of Yousef's co-conspirators stated, in substance, that "the weapons at issue were taken from the United States military arsenal."  (Doc. No. 23, at 11.)

- *Second*, recorded conversations established that Yousef's co-conspirators apprised him that the would-be buyer of the weapons was FARC.  Because it was plausible to infer that Yousef knew that FARC engaged in "notorious drug activity relating to the United States," he had reason to know that providing FARC with weapons would "have a considerable effect on United States interests.  (<u>Id.</u> at 11–12.)

- *Third*, during the investigation, Yousef's co-conspirators expressed concern that the weapons sale was being investigated by United States law enforcement authorities.  Given that concern, Yousef "reasonably could have anticipated being haled into court in the United States for the charged conduct."  (<u>Id.</u> at 12.)

On February 21, 2012, Yousef moved for reconsideration, citing statements to law enforcement by the would-be supplier of the weapons that he (the supplier) never possessed weapons from the United States military.  (Doc. No. 54.)  On March 5, 2012, the Court denied Yousef's motion for reconsideration.  (Doc. No. 62.)  Noting, as an initial matter, that there was reason to doubt the veracity of the supplier's statements to law enforcement, the Court held that, in any event, the truth of those statements did not bear on the second and third grounds for finding a territorial nexus discussed in the Court's August 23, 2010 opinion.  (<u>Id.</u> at 7–11.)

### B.    **Yousef's Guilty Plea**

On May 4, 2012, Yousef pleaded guilty, pursuant to a plea agreement, to Count Two of the Fourth Superseding Indictment ("S4 Indictment"), which charged him with providing material support or resources to a foreign terrorist organization, in violation of 18 U.S.C. §§ 2339B(a)(1), (d)(1), and 3238.  (<u>See</u> Attachment A (plea agreement).)  The plea agreement provided, in relevant part, that, "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or 2241 . . .

of any sentence at or below the Stipulated Guidelines Sentence of 180 months' imprisonment." (Att. A at 4.)

On October 11, 2012, the Court sentenced Yousef to a term of imprisonment of 144 months—below the Stipulated Guidelines Sentence.

### C.   Yousef's Direct Appeal and First 2255 Motion

On October 23, 2012, notwithstanding the appellate waiver in the plea agreement, Yousef appealed his conviction to the Second Circuit.  (Doc. No. 90.)  Yousef argued on appeal that the Government failed to establish a sufficient territorial nexus between his conduct and the United States.

On April 29, 2014, the Second Circuit affirmed Yousef's conviction.  Yousef, 750 F.3d at 257.  Noting that a defendant's guilty plea "admits all of the elements of a formal criminal charge and . . . waives all challenges to the prosecution except those going to the court's jurisdiction," the Second Circuit held that the question of territorial nexus did not go to the court's jurisdiction and therefore Yousef's challenge had been waived through his guilty plea.  Id. at 258–59 (citation and quotation marks omitted).  The Supreme Court denied certiorari.  Yousef v. United States, 135 S. Ct. 248 (2014).

On October 17, 2016, Yousef filed his first motion under 28 U.S.C. § 2255 (the "First 2255 Motion"), challenging and seeking to modify his sentence.  (Doc. No. 96.)  Yousef "amended" the First 2255 Motion on April 23, 2018.  (Doc. No. 101.)  Neither the originally filed motion nor the amendment mentioned the territorial nexus issue.  On April 8, 2019, the Court denied the First 2255 Motion.  (Doc. No. 104.)

### D.   Second 2255 Motion (the Instant Motion)

On January 15, 2019, while the First 2255 Motion was still pending, Yousef filed the Second 2255 Motion (the instant motion), arguing that, in light of the Supreme Court's decision in Class v. United States, 138 S. Ct. 798 (2018), the Second Circuit erred in holding that his guilty plea waived his territorial nexus challenge.  Yousef did not obtain certification, pursuant to 28 U.S.C. § 2255(h), prior to filing the Second 2255 Motion.

On April 4, 2019, the Court directed the Government to respond to the Second 2255 Motion.  (Doc. No. 103.)

### II.   Legal Standard

As relevant here, Section 2255 permits a defendant, within one year of the Supreme Court's announcement of a new rule of constitutional law made retroactive to cases on collateral review, to move "to vacate, set aside or correct [his] sentence" on the ground that it "was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a), (f)(3).  To obtain relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect

which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (citation and quotation marks omitted).

### III.   Discussion

#### A.   The Second 2255 Motion Is Procedurally Barred

As a threshold matter, the Second 2255 Motion is procedurally barred for two reasons.

*First*, because the Second 2255 Motion is a "second or successive motion" under 28 U.S.C. § 2255, Yousef was required to obtain certification from the appropriate court of appeals (the Second Circuit) that the motion contains, as relevant here, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Yousef failed to obtain such certification and that failure is a procedural bar to the Court's consideration of the motion. See, e.g., United States v. Torres, No. 06 CR. 987-07 (DC), 2015 WL 13034656, at *2 (S.D.N.Y. Aug. 24, 2015).[2]

*Second*, the plea agreement to which Yousef pleaded guilty included an express waiver of any right "to bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255," if Yousef received a sentence at or below the Stipulated Guidelines Sentence, which he did. (Att. A at 4.) That waiver is enforceable. See Muniz v. United States, 360 F. Supp. 2d 574, 576–77 (S.D.N.Y. 2005) (citing cases). That is true even if the law has changed since the defendant entered his plea. United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005).

#### B.   The Second 2255 Motion is Meritless

In any event, the Second 2255 Motion is meritless. The sole issue presented—whether Yousef's conviction was supported by a sufficient territorial nexus to the United States—was found by the Second Circuit on direct appeal to have been waived by Yousef's guilty plea. Yousef, 750 F.3d at 262.

Yousef argues that the Second Circuit's decision was in error in light of Class v. United States, 138 S. Ct. 798 (2018). He is mistaken.

##### 1.   Class v. United States

The issue in Class was whether, in the absence of an explicit appellate waiver in a plea agreement, a guilty plea waives an appellate challenge to the constitutionality of the statute of conviction. 138 S. Ct. at 801–02. The defendant in Class was with charged possessing a firearm on the grounds of the U.S. Capitol, in violation of 40 U.S.C. § 5104(e)(1), because he kept firearms

---

[2]   Furthermore, it is evident that Yousef could not have obtained such certification because the "new rule of constitutional law" on which Yousef apparently relies, Class, 138 S. Ct. 798, was issued on February 21, 2018, when the First 2255 Motion was still pending. Indeed, Class had been decided as of April 23, 2018, when Yousef "amended" the First 2255 Motion and had been the law for over a year by April 8, 2019, when the First 2255 Motion was decided.

in a locked vehicle in the parking lot. Following his guilty plea, the defendant challenged the statute as unconstitutional under the Second Amendment and the Due Process Clause. The plea agreement was silent on whether the defendant waived his right to challenge the constitutionality of the statute. Id. at 802. The issue before the Supreme Court was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." Id. at 803.

The Supreme Court held that, while "a guilty plea does implicitly waive some claims, including some constitutional claims," it does not waive constitutional claims challenging the statute of conviction. Id. at 805. That is because a defendant who challenges the facial validity of a statute does not dispute his "confession of all the facts charged in the indictment"; rather, challenging the constitutionality of a statute "amount[s] to a claim that the State may not convict [the defendant] no matter how validly his factual guilt is established." Id. at 803–04 (citations and quotation marks omitted).

In light of Class, a constitutional claim can survive a guilty plea if that claim is "consistent with [the defendant's] knowing, voluntary, and intelligent admission that he did what the indictment alleged." Id. at 804. Class did not alter the rule that "a valid guilty plea relinquishes any claim that would contradict the admissions necessarily made upon entry of a voluntary plea of guilty." Id. at 805 (citation and quotation marks omitted).

## 2.    Territorial Nexus Challenges Remain Waivable After Class

Yousef is correct that, following Class, it is no longer true that "a defendant's plea of guilty . . . waives *all* challenges to the prosecution except those going to the court's jurisdiction." Yousef, 750 F.3d at 258–59 (citation and quotation marks omitted) (emphasis added). But Class makes clear that *some* claims are still waived by a guilty plea, namely, claims that dispute the factual merits of the conviction. 138 S. Ct. at 804.

The territorial nexus claim that Yousef made on direct appeal—and that he now reasserts in the Second 2255 Motion—falls within the class of claims that remain waivable after Class. The statute under which Yousef pleaded guilty expressly provides for extraterritorial application. See 18 U.S.C. § 2339B(d) (providing for extraterritorial jurisdiction in enumerated circumstances, including when the offense "occurs in or affects interstate or foreign commerce"); United States v. Mostafa, 965 F. Supp. 2d 451, 459 (S.D.N.Y. 2013) (noting that 18 U.S.C. § 2339B "has an explicit provision allowing for extraterritorial application"). Where a criminal statute provides for extraterritorial application, "non-citizens acting entirely abroad" may be prosecuted, consistent with Due Process, if "the aim of that activity is to cause harm inside the United States or to U.S. citizens or interests." United States v. Al Kassar, 660 F.3d 108, 118 (2d Cir. 2011); see also id. ("If an undercover operation exposes criminal activity that targets U.S. citizens or interests or threatens the security or government functions of the United States, a sufficient jurisdictional nexus exists notwithstanding that the investigation took place abroad and focused only on foreign persons.").

While the territorial nexus requirement arises under the Due Process Clause, *whether* a nexus exists in a particular case is a factual question going to the merits of the prosecution. Indeed, in Yousef's direct appeal, the Second Circuit made clear that it understood his territorial nexus

challenge as a merits question.  Yousef, 750 F.3d at 260 ("The defendant's contention . . . that in fact certain of [the statutory] elements are lacking . . . goes to the merits of the prosecution . . . ." (citation, brackets, and quotation marks omitted)); cf. id. at 261–62 (noting that, under Morrison v. National Australia Bank Ltd., 561 U.S. 247 (2010), the extraterritorial application of a statute is "'a merits question'").  The Second 2255 Motion makes plain that Yousef is challenging the factual basis for his conviction.  (See Second 2255 Motion at 4–5 ("No such nexus has been identified here. . . . In short, no interests of this country were involved.").)

Yousef's guilty plea waived all merits-based challenges to his conviction.  Class, 138 S. Ct. at 804.  Thus, the Second Circuit correctly affirmed his conviction.

For the reasons set forth above, the Second 2255 Motion should be denied.

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney for the
> Southern District of New York
>
> by: _____
> Jun Xiang
> Assistant United States Attorney
> (212) 637-2289

CC:    Defendant Jamal Yousef (by U.S. Mail):

Jamal Yousef
Register Number: 62604-054
United States Medical Center for Federal Prisoners – Springfield
P.O. Box 4000
Springfield, MO 65801