**ATTACHMENT A**



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 3, 2012

BY ELECTRONIC MAIL

Melinda Sarafa, Esq.
msarafa@sarafalaw.com

Josh Dratel, Esq.
jdratel@joshuadratel.com

Re:    United States v. Jamal Yousef
       S4 08 Cr. 1213 (JFK)

Dear Ms. Sarafa and Mr. Dratel:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Jamal Yousef, a/k/a "Talal Hassan Ghantou," ("the defendant") to Count Two of the above-referenced Indictment. Count Two charges the defendant with conspiring in 2008 to provide material support to the designated Foreign Terrorist Organization the FARC, in violation of Title 18, United States Code, Section 2339B. Count Two carries a maximum sentence of fifteen years' imprisonment; a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; a maximum term of three years' supervised release; and a mandatory $100 special assessment.

The total maximum term of imprisonment on Count Two is fifteen years.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations as to which this Office cannot, and does not, make any agreement) for 1) conspiring, from July 2008 to July 2009, to provide material support to the FARC, as charged in Count Two of the Indictment, 2) conspiring, from July 2008 to July 2009, to engage in Narco-terrorism, as charged in Count One of the Indictment, and 3) his participation in the negotiation of a weapons transaction in 2006, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Counts against the defendant. The defendant agrees that with respect to

03.30.2012

A-762

any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G. or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A.      Offense Level**

1.      The Guidelines provisions in effect as of November 1, 2011 apply in this case.

2.      Pursuant to U.S.S.G. § 2M5.3(a), the base offense level for Count Two is 26.

3.      Pursuant to U.S.S.G. § 3A1.4(a) (the "Terrorism Enhancement"), because the offense in Count Two is an offense that involved, or was intended to promote, federal crimes of terrorism, the offense level is increased by 12 levels.

4.      Pursuant to U.S.S.G. § 2M5.3(b)(1)(B), because the offense involved the provision of firearms, the offense level is increased by 2 levels.

5.      Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional 1-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the foregoing calculations, the applicable offense level is 37.

**B.      Criminal History Category**

Pursuant to U.S.S.G. § 3A1.4(b), because the Terrorism Enhancement applies, the defendant's criminal history category is VI.

**C.      Sentencing Range**

Based upon the calculations set forth above, the defendant's sentencing range is 360 months to life imprisonment. The statutory maximum term of imprisonment for Count Two, however, is fifteen years' imprisonment. Accordingly, the defendant's applicable Guidelines sentence is 180 months' imprisonment (the "Stipulated Guidelines Sentence").

03.30.2012                                                        2

A-763

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Sentence set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party suggest that the Probation Office consider such a departure or adjustment under the Guidelines, or suggest that the Court *sua sponte* consider any such departure or adjustment.

The parties agree that either party may seek a sentence other than the Stipulated Guidelines Sentence, suggest that the Probation Office consider a sentence other than the Stipulated Guidelines Sentence, and suggest that the Court *sua sponte* consider a sentence other than the Stipulated Guidelines Sentence, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's Criminal History Category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive.

03.30.2012                                    3

A-764

Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Sentence of 180 months' imprisonment and (ii) that the Government will not appeal any sentence at or above the Stipulated Guidelines Sentence. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio* v. *United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

### D.     Immigration Consequences

The defendant recognizes that because he is not a citizen of the United States, his guilty plea and conviction make it very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that he has discussed the possible immigration consequences (including deportation) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from his guilty plea and conviction.

03.30.2012

4

A-765

Further, the defendant agrees to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1182. Specifically, the defendant admits that he is not a native or citizen of the United States, and that he is removable from the United States pursuant to Title 8, United States Code, Sections 1182(a)(7)(A)(i)(I) and 1182(a)(2)(A)(i)(I).

After consultation with counsel and understanding the legal consequences of doing so, the defendant knowingly and voluntarily waives the right to the notice and hearing provided for in Title 8, United States Code, Section 1228(c)(2) and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal order. The defendant understands and knowingly waives his right to a hearing before an immigration judge or any other authority under the Immigration and Nationality Act of 1952 ("INA"), as amended, on the question of the defendant's removability from the United States. The defendant further understands the rights the defendant would possess in a contested immigration hearing and waives these rights, including the defendant's right to examine the evidence against him, to present evidence on his behalf, and to cross-examine the witnesses presented by the government.

The defendant agrees to waive his rights to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Title 8, United States Code, Section 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. § 208; cancellation of removal; adjustment of status; registry; de novo review of a denial or revocation of temporary protected status (current or future); waivers under Title 8, United States Code, Sections 1182(h) or 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws or treaty obligations of the United States. As part of this agreement, the defendant waives any right to claim, in proceedings in the United States, that he was persecuted in, or has a present fear of persecution in Mexico, Honduras, Sweden or Norway on account of his race, religion, nationality, membership in a particular social group, or political opinion. Similarly, the defendant further waives any right to claim, in proceedings in the United States, that he was tortured in, or has a present fear of torture in Mexico, Honduras, Sweden or Norway.

The defendant hereby requests that an order be issued by this Court for his removal from the United States. The defendant agrees to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal.

The defendant hereby agrees to make the judicial order of removal a public document, waiving his privacy rights, including his privacy rights under 8 C.F.R. § 208.6. At the request of the U.S. Attorney's Office, U.S. Immigration and Customs Enforcement ("ICE") concurs with the government's request for a judicial order of removal. As a result of the above-referenced order, upon

03.30.2012                                         5

Case 1:08-cr-01213-JFK Document 98-1 Filed 01/06/19 Page 5 of 7

**A-766**

the completion of the defendant's criminal proceedings, including any sentence of incarceration, the defendant shall be removed from the United States.

The defendant agrees to assist ICE in the execution of his removal. Specifically, the defendant agrees to assist ICE in the procurement of any travel or other documents necessary for the defendant's removal; to meet with and to cooperate with representatives of any country to which the defendant's removal is directed, including the above-listed countries; and, to execute those forms, applications, or waivers needed to execute or expedite the defendant's removal. The defendant further understands that his failure or refusal to assist ICE in the execution of his removal shall breach this plea agreement and may subject the defendant to criminal penalties under Title 8, United States Code, Section 1253.

The defendant concedes that the entry of this judicial order of removal renders him immediately excludable and permanently inadmissible to the United States. He agrees that he will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

It is understood that the defendant will have no right to withdraw his plea of guilty should the Court fail, for any reason, to enter the judicial order of removal. Moreover, the Court's failure, for any reason, to enter the judicial order of removal shall only void the portion of this Agreement pertaining to the defendant's stipulation to a judicial order of removal, and shall have no impact on the remaining terms of this Agreement.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

03.30.2012

6

A-767

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

PREET BHARARA
United States Attorney

By: _____
Jeffrey A. Brown/Jenna M. Dabbs
Assistant United States Attorneys
(212) 637-1110/2212

APPROVED:

_____
Michael Farbiarz
Chief, Terrorism and International Narcotics Unit

AGREED AND CONSENTED TO:

_____          05/04/12
Jamal Yousef, a/k/a "Talal Hassan Ghantou"          DATE

APPROVED:

_____          5/4/12
Melinda Sarafa, Esq.          DATE
Joshua Dratel, Esq.
Attorneys for Yousef

03.30.2012                    7