**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
UNITED STATES OF AMERICA             :
                                     :
    -against-                        :
                                     :
JAMAL YOUSEF                         :    No. 08 Cr. 1213 (JFK)
                                     :    **OPINION & ORDER**
            Defendant.               :
                                     :
------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/10/2019

APPEARANCES

FOR THE UNITED STATES OF AMERICA
    Jun Xiang
    U.S. ATTORNEY'S OFFICE

FOR JAMAL YOUSEF
    Pro se

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant-Petitioner Jamal Yousef's ("Yousef") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons below, this motion is denied.

**I.    Background**

On May 4, 2012, Yousef pled guilty, pursuant to a plea agreement, to providing material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B. On October 11, 2012, the Court sentenced Yousef to 144 months' imprisonment.

On October 23, 2012, Yousef appealed his conviction arguing that the government had failed to allege the requisite territorial nexus in their indictments against him. On April

1

29, 2014, the Second Circuit affirmed this Court's sentence, holding that Yousef's argument did not raise a "non-waivable jurisdictional question" and, thus, that Yousef waived it when he pled guilty. See United States v. Yousef, 750 F.3d 254, 258-59 (2d Cir. 2014), cert. denied, 135 S. Ct. 248 (2014).

Since then, Yousef has filed several motions seeking various forms of relief. On October 27, 2015, October 17, 2016, and April 23, 2018, respectively, Yousef brought motions (1) for a sentence modification pursuant to 18 U.S.C. §§ 3582(b) and 3742 (ECF No. 94), (2) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1 in No. 16 Civ. 8189), and (3) to amend his § 2255 motion (ECF No. 6 in No. 16 Civ. 8189). On April 8, 2019, the Court issued an order denying all three motions. See United States v. Yousef, No. 08 Cr. 1213, No. 16 Civ. 8189, 2019 WL 1517653 (S.D.N.Y. Apr. 8, 2019).

On January 15, 2019, prior to the Court's April 8 order, Yousef brought the instant § 2255 motion. Pet.'s Motion to Vacate, ECF No. 102 (filed Jan. 15, 2019) [hereinafter "Mem."].

## II. Legal Standards

Because Yousef is appearing pro se, the Court construes his submissions liberally and interprets them to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases).

2

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### III. Discussion

Construing Yousef's submission liberally and interpreting it to raise the strongest argument it suggests, the Court reads Yousef's motion as arguing that (1) the statute under which he was convicted was unconstitutional because the Constitution did not grant Congress the power to confer extraterritorial authority in such circumstances and (2) the Supreme Court's recent holding in Class v. United States, 138 S. Ct. 798 (2018), overruled the holding that the Second Circuit used to deny his appeal, reinstating his original argument. Mem. at 4-5. The Government argues that this entire motion is procedurally barred (1) since this is a "second or successive" § 2255 motion and he never obtained the required Second Circuit certification and (2) by the terms of Yousef's plea agreement. Gov.'s Opp. at 4, ECF No. 108 (filed May 3, 2019) [hereinafter "Opp."]. The

Government further argues that, even if this motion were not procedurally barred, it still fails on its merits. Id. at 4-6.

### A. Yousef's Motion is Not Second or Successive

The Court disagrees with the Government's contention that this is a "second or successive" § 2255 motion. Though, on April 23, 2018, Yousef filed what the Court eventually considered his first § 2255 motion, the Court did not resolve that motion until April 8, 2019. See Yousef, 2019 WL 1517653 at *3. Yousef filed the instant motion on January 15, 2019, nearly three months prior to that resolution. In such circumstances, the later-filed § 2255 motion is not considered a "second or successive" § 2255 motion—which requires Second Circuit certification—but rather a motion to amend the original § 2255 motion. Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion."). Accordingly, Yousef was not required to petition the Second Circuit and this motion is not barred on that basis.

### B. Yousef's Plea Agreement Bars this Motion

The Court, however, agrees that the terms of Yousef's plea agreement bar this motion. "A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his

4

conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (citing Tellado v. United States, 745 F.3d 48 (2d Cir. 2014); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000)). Here, Yousef's plea agreement contained a provision by which he waived his right to file a § 2255 motion if the Court sentenced him to or below 180 months' imprisonment. See Yousef's Plea Agmt. at 4, ECF No. 108-1 (filed May 3, 2019) [hereinafter "Plea Agmt."] ("It is agreed (i) that defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under [28 U.S.C. §§ 2241 or 2255]; nor seek a sentence modification pursuant to [18 U.S.C. § 3582(c)], of any sentence at or below the Stipulated Guidelines Sentence of 180 months' imprisonment."). As the Court sentenced Yousef to 144 months' imprisonment, this provision applies.

Yousef responds that Class made "the sort of attack at issue" non-waivable. Pet.'s Response at 2, ECF No. 109 (filed June 4, 2019). The Court disagrees. As both parties agree, Class held that a guilty plea does not by itself waive a criminal defendant's challenge to the constitutionality of the statute under which he was convicted. 138 S. Ct. at 803; Mem. at 3; Opp. at 4-5. That holding, however, was limited to cases where a defendant's plea agreement "said nothing about the right to raise on direct appeal a claim that the statute of conviction

5

was unconstitutional." United States v. Lloyd, 901 F.3d 111, 124 n.11 (2d Cir. 2018) (quoting Class, 138 S. Ct. at 802). Here, in contrast, Yousef's plea agreement contains an express waiver of appeal that is far broader than the plea agreement at issue in Class and specifically includes a waiver on any collateral challenges via a § 2255 motion. Compare Plea Agmt. at 4, with Class, 138 S. Ct. at 802 (identifying specific "categories of rights that [defendant] expressly agreed to waive."). Accordingly, Class is inapplicable and Yousef's plea agreement bars this § 2255 motion. See Lloyd, 901 F.3d at 124 n.11 (holding that Class did not render a broad appeal waiver invalid); Kendall v. United States, 1:18-CV-108-GNS, 2019 WL 1786870, at *2-3 (W.D. Ky. Apr. 24, 2019) (holding Class does not apply where a defendant expressly waived the right to collaterally attack her sentence and denying her § 2255 motion as barred by that waiver); Lee v. United States, No. CV-16-08138, 2018 WL 4899567, at *2 (D. Ariz. Oct. 9, 2018) (holding that, even post-Class, express waivers of Constitutional rights are enforceable and denying a § 2255 motion as waived).

### C. Yousef's Motion is Meritless

Even if the Court had reached the merits of Yousef's arguments, it still would have denied this motion as meritless.

Yousef's contention that Class overruled the Second Circuit's reason for denying his appeal is incorrect. As

previously mentioned, the relevant holding in Class relates only to constitutional challenges to the statute under which a defendant was convicted. 138 S. Ct. at 803. Yousef's argument on appeal, however, was that his indictment should be dismissed based on the Government's alleged failure to adequately allege a nexus between his alleged conduct and the United States as required by the Fifth Amendment's Due Process clause. Id. at 259-261. As this is, quite evidently, not a challenge to the constitutionality of the statute, Class is irrelevant to Yousef's appeal and the Second Circuit's affirmation stands.

Yousef's new argument, that Congress' lacked the constitutional authority to make his statute of conviction extraterritorial, would also fail. Yousef premises this argument on the uncited proposition that "[t]here must be some sizeable interest that is within Congress' power to confer extra-territorial authority, for none is granted by the Constitution, outside of crimes on the high seas." Mem. at 4. That is simply not the case. No such limitation exists. Indeed, "as a general proposition, Congress has the ability to 'enforce its laws beyond the territorial boundaries of the United States.'" United States v. Yousef, 327 F.3d 56, 86 (2d Cir. 2003) (quoting EEOC v. Arabian Am. Oil Co., 499 U.S. 244, 248 (1991)). While Yousef's appears to also argue that applying his statute of conviction extraterritorially to him would be a

7

Fifth Amendment Due Process violation for want of a sufficient nexus between him and the United States (Mem. at 4-5 ("No such nexus has been identified here."), the Court has already considered and rejected that argument twice. United States v. Yousef, No. S3 08 Cr. 1213 (JFK), 2012 WL 691400, at *4-5 (S.D.N.Y. Mar. 5, 2012); United States v. Yousef, No. S3 08 Cr. 1213 (JFK), 2010 WL 3377499, at *4-5 (S.D.N.Y. Aug. 23, 2010).

## Conclusion

For the reasons stated above, Yousef's motion to vacate, setting aside, or correct his sentence is DENIED.

The Court declines to issue a certificate of appealability because Yousef has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Krantz v. United States, 224 F.3d 125, 127 (2d Cir. 2000). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 102.

**SO ORDERED.**

Dated: New York, New York
June 10, 2019

John F. Keenan
United States District Judge